# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LEONARD ROMAN**

   **Plaintiff,**

              **Civil Action 2:12-cv-00747**
**vs.**             **Judge Michael H. Watson**
              **Magistrate Judge Elizabeth P. Deavers**

**JOHN BARLOW,** *et al.***,**

   **Defendants.**

## REPORT AND RECOMMENDATION

On July 16, 2012, Plaintiff filed an action in the Franklin County Common Pleas Court, in which he asserts various claims against Defendants John Barlow ("Barlow"), Brunton Motor Freight, Inc. ("Brunton"), Northland Insurance Company ("Northland"), and Anthem Blue Cross and Blue Shield ("Anthem").  Plaintiff is a resident of Ohio.  Barlow is a resident of Illinois.  For residency purposes related to diversity jurisdiction, Brunton is a resident of Illinois, Northland is a resident of Minnesota, and Anthem is a resident of Ohio.  On August 17, 2012, Defendants Barlow, Brunton and Northland filed a Notice of Removal in which they allege that this Court has original jurisdiction by reason of complete diversity of the parties pursuant to 28 U.S.C. § 1332(a).  In their Notice, Barlow, Brunton and Northland assert that Anthem's consent to removal is unnecessary for various reasons.  This matter is before the Court for consideration of Plaintiff's Motion for Remand to State Court.  (ECF No. 7.)  For the reasons that follow, it is **RECOMMENDED** that Defendant Anthem be **REALIGNED** as a plaintiff in this case.  It is further **RECOMMENDED** that Plaintiff's Motion for Remand be **DENIED**.

## BACKGROUND

This action arises out of an automobile collision that occurred on March 12, 2012. (Compl. ¶ 1, ECF No. 2.)  Plaintiff alleges that Defendant Barlow was the operator of a semi-truck that collided with the rear of his vehicle, causing him to be injured.  *Id.* at ¶¶15, 18. Plaintiff further alleges that Defendant Brunton owned the semi-truck that Barlow was operating at the time of the collision.  *Id.* at ¶ 4.  Defendant Northland was Plaintiff's property damage and bodily injury insurance carrier.  *Id.* at ¶ 40.  Defendant Anthem paid medical bills relating to injuries Plaintiff sustained in the subject collision pursuant to Plaintiff's employee health benefit plan. *Id.* at ¶ 51.

## STANDARD

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.  28 U.S.C. § 1332(a).  *Rogers*, 239 F.3d at 871.

When an action is removed based on diversity, a federal court must determine whether complete diversity exists at the time of removal.  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).  "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).  The party seeking to bring the case into federal court carries the burden of establishing diversity jurisdiction. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir.

2

1994); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The party seeking removal bears the burden of establishing its right thereto.").

To determine whether diversity exists, a court must look beyond the designation of the parties in the pleadings. *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) (citing *Dawson v. Columbia Ave. Sav. Fund*, 197 U.S. 178, 180 (1905)). Parties must "'be aligned in accordance with the primary dispute in the controversy, even when a different, legitimate dispute between the parties supports the original alignment.'" *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (quoting *United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)). It is a court's duty to realign the parties according to their real interests. *Safeco*, 36 F.3d at 545. Realignment may create or destroy diversity jurisdiction. *Id.*

Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *Coyne*, 183 F.3d at 492 (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (cited with approval by *Coyne*, 183 F.3d at 492). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff cannot establish a cause of action against the non-diverse defendants under state law. *Alexander*, 13 F.3d at 949. A court must remand the action to state court, however, if there is a colorable basis for predicting that a plaintiff may recover against the non-diverse defendant. *Coyne*, 183 F.3d at 492. A court must resolve all doubts as to the propriety of removal in favor of remand. *Alexander*, 13 F.3d at 949.

3

## ANALYSIS

**1.     Realignment/Fraudulent Joinder**

Plaintiff argues that this case must be remanded to state court because complete diversity does not exist.  Specifically, Plaintiff maintains that he has asserted a colorable cause of action against Ohio resident Anthem.  (Pl.'s Mot. 4, ECF No. 7.)  Anthem provided benefits under Plaintiff's employee health benefit plan to pay for medical treatments for injuries relating to the subject collision.  (Compl. ¶ 52, ECF No. 2.)  Plaintiff first argues that he has asserted a colorable claim for declaratory relief against Anthem with respect to its contractual rights under the health benefit plan.  (Pl.'s Mot. 5, ECF No. 7.)  Plaintiff also contends that "Ohio law requires the joining of Defendant, Anthem, as a party Defendant to recover benefits it paid on behalf of Plaintiff."  *Id.*  Plaintiff cites no authority for this proposition, however.  Plaintiff finally asserts that he properly joined Anthem as a Defendant because Anthem's "subrogation interest is directly related to whether or not Plaintiff . . . will be made whole and compensated for his injuries by Defendants."  *Id.*  In support, Plaintiff cites an Ohio Supreme Court case, *Buckeye v. Lawson*, 103 Ohio St. 3d 188 (Ohio 2004).

Defendants counter that Anthem's only interest in this case is its subrogation rights relating to the medical bills it has already paid.  (Defs.' Op. 3, ECF No. 9.)  Its subrogation rights, according to Defendants, permit Anthem to assume the rights and remedies of Plaintiff.  *Id.*  As such, Defendants urge the Court to re-align Anthem as a plaintiff.  In the alternative, Defendants argue that Plaintiff has no colorable claim against Anthem, and that Anthem was thus fraudulently joined.  *Id.* at 5, 6.

The Court concludes that Anthem must be realigned as a plaintiff in this case.  As Plaintiff alleges in his Complaint and acknowledges in his Motion for Remand, (Compl. ¶ 49,

ECF No. 2, Pl.'s Mot. 5, ECF No. 7), Anthem has a subrogation interest relating to the medical

bills it paid as a result of injuries sustained in the subject collision. In the insurance context,

subrogation "is the principle under which an insurer that has paid a loss under an insurance

policy is entitled to all the rights and remedies belonging to the insured against a third party with

respect to any loss covered by the policy." Black's Law Dictionary (7th Ed. 1999). In other

words, subrogation rights allow the subrogee to "stand in the shoes of [the subrogor] and assert

that person's rights against the defendant." *Id.* Thus, properly aligned, Anthem shares the same

interests as Plaintiff. Indeed, Anthem could step into Plaintiff's place and assert its own claim

against Defendants in this case. *Nationwide Mut. Ins. Co. v. Zimmerman*, No. 2004 CA 7, 2012

WL 3038032, at *4 (Ohio Ct. App. 2004) (noting that a subrogee has the same rights as a

subrogor in bringing an action against a tort-feasor defendant). The Court, therefore, concludes

that Plaintiff's Motion for Remand must be denied.

Plaintiff's Motion would also fail under a theory of fraudulent joinder. Even if the Court

were to assume, *arguendo*, that Plaintiff could assert a colorable cause of action against Anthem

for declaratory relief as he says he does, (Pl.'s Mot. 5, ECF No. 7.), Plaintiff asserts no such

claim in his Complaint. *See In re Ford Motor Co. Crown Victoria Police Interceptor Prods.*

*Liab. Litig.*, No. 1:02-cv-15000, 2004 WL 1170145, at *15 (N.D. Ohio 2004) ("Because the

Court is bound to look to only those pleadings in existence at the time of removal, the remand

decision must be based on the allegations and claims set forth in the [Complaint]."); *see also*

*Belle v. Ross Prods. Div. Abbott Labs.*, No. C2-01-677, 2002 WL 483535, at *2 (S.D. Ohio Mar.

13, 2002) (noting that the propriety of removal is determined by the pleadings viewed as of the

time the petition for removal is filed) (citing *Albright v. R.J. Reynolds Tobacco Co.*, 531 F.2d

132 (3d. Cir. 1976)). Moreover, the Ohio Supreme Court case to which Plaintiff cites is

5

inapposite here.  Nowhere in that case does the Ohio Supreme Court suggest that a Plaintiff must join its subrogee as a defendant in an action against a tort-feasor.  Nor has Plaintiff pointed to any other colorable cause of action he might have against Anthem.

## 2.      Unanimous Consent to Removal

Plaintiff next argues that the Court should remand this case to state court because not all of the Defendants consented to removal. When a case is removed to federal court based on diversity jurisdiction, all defendants who have been properly served or who are otherwise properly joined in the lawsuit must either join in removal or file a written consent to removal. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).  Courts have recognized three exceptions to this general rule: (1) the non-joining defendant has not been served with service of process at the time the petition of removal is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).  *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 973 n.4 (S.D. Ohio 2003) (citing *Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 1994 WL 91786, at *3 n.8 (6th Cir. 1994)).

Here, Plaintiff argues that removal is inappropriate because although Defendants Barlow, Brunton and Northland consented to removal, Anthem did not.  (Pl.'s Mot. 7, ECF No. 7.) Defendants counter that Anthem's consent becomes unnecessary once the Court realigns Anthem as a plaintiff.  (Def.'s Op. 4, ECF No. 9.)  Defendants alternatively argue that Anthem's consent is unnecessary either because it is only a "nominal" party, or because the removed claim is a separate and independent claim under 28 U.S.C. § 1441(C).  *Id.*

The Court concludes that Anthem's consent to removal is unnecessary in light of its determination that Anthem must be realigned as a plaintiff in this case.  *See Kucher v. Exceeding*

6

*Expectation, Inc.*, No. 1:12-cv-169, 2012 WL 3308892, at *2 (N.D.N.Y. Aug. 13, 2012) (noting that "consent . . . may be excused when the interests of a non-consenting or non-joining defendant are aligned with the plaintiff"); *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd, LLC*, Nos 2:10-cv-310, 2:10-cv-343, 2010 WL 5476748, at *3 (E.D. Va. Dec. 2, 2010) (finding that consent to removal is not required from a party who has been realigned as a plaintiff).

## CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant Anthem Blue Cross and Blue Shield be **REALIGNED AS A PLAINTIFF** in this action.  It is further **RECOMMENDED** that Plaintiff's Motion for Remand to State Court be **DENIED**.  (ECF No. 7.)

## OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, they may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

      **IT IS SO ORDERED.**

Date:  December 18, 2012                    _/s/ *Elizabeth A. Preston Deavers*_
                                           Elizabeth A. Preston Deavers
                                           United States Magistrate Judge